UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES DAVIS,

        Plaintiff,

  v.

FOSS MARITIME COMPANY, a Washington corporation, and the Tug ARTHUR FOSS,

        Defendant.

NO. C06-1147P

ORDER ON RENEWED MOTION TO RESET TRIAL AND RELATED DEADLINES

       This matter comes before the Court on the parties' renewed motion to reset trial and related deadlines. (Dkt. No. 15). Having reviewed the materials submitted by the parties and having held a telephone conference with the parties regarding this request on May 3, 2007, the Court DENIES the parties' motion for the reasons stated below.

       The parties ask the Court to move the trial date to early March 2008, extend the deadline for disclosure of initial expert reports until early October 2007, and extend the discovery cutoff until early December 2007. The Court issued its scheduling order in this matter on October 17, 2006, which set an expert report deadline of April 4, 2007, a discovery deadline of June 4, 2007, and a trial date of October 1, 2007. By order dated April 16, 2007, the Court previously extended the expert report deadline to May 4, 2007 and the discovery deadline to July 2, 2007.

ORDER - 1

1        Under Fed. R. Civ. P. 16(b), a Court's scheduling order may be modified only upon a showing

2 of good cause. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party

3 seeking the amendment." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992).

4 In this case, the parties have not demonstrated diligent efforts to meet the deadlines set by the Court's

5 scheduling order. By their own admission, the parties failed to conduct formal discovery in this matter

6 until very recently, despite the fact that they have been able to conduct discovery since holding their

7 Rule 26(f) conference on August 22, 2006. <u>See</u> Dkt. No. 9. The parties suggest that they were

8 justified in delaying formal discovery due to their desire to minimize expenses and to resolve this case

9 through early mediation. Although the Court encourages parties to minimize discovery expenses and

10 to pursue alternative dispute resolution at the early stages of litigation, all parties are still required to

11 meet Court-ordered deadlines. The parties' failure to begin formal discovery until this late stage of the

12 proceedings does not demonstrate diligence and is not excused by their desire to minimize expenses or

13 to resolve this matter through mediation.

14        At the telephone conference on May 3, 2007, the Court indicated that it would extend the

15 discovery deadline until <u>July 3, 2007</u>. The parties have not shown good cause for any further

16 extension of the discovery cut-off and the Court is not persuaded that counsel will be unable to meet

17 this deadline. The parties also have not shown good cause to extend the trial date. However, in an

18 effort to help ensure that the parties are not unduly prejudiced by the conduct of counsel, the Court

19 will extend the deadline for reports from expert witnesses under Fed. R. Civ. P. 26(a)(2) to <u>June 4,</u>

20 <u>2007</u>.

21        The clerk is directed to send copies of this order to all counsel of record.

22        Dated: May 3, 2007

23

24                                                 s/Marsha J. Pechman  
                                                Marsha J. Pechman  
                                                United States District Judge

25

26 ORDER - 2